An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TITO BARRON-AGUILAR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66899

**FILED**

NOV 1 3 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of four counts of unlawful sale of a controlled substance, three counts of trafficking in a controlled substance, and one count of conspiracy to violate the uniform controlled substances act. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

First, appellant contends that the district court erred by giving an "incomplete" instruction regarding his procuring agent defense, which did not explain when a person was "associated in selling methamphetamine." However, appellant did not object to the instruction below or propose a more complete instruction, and under the circumstances, he fails to demonstrate plain error affecting his substantial rights. *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing unobjected-to error for plain error).

Second, appellant contends that the district court abused its discretion by denying his request for a mistrial on the grounds that the State failed to disclose that drugs were found on the informant during an administrative search. On appeal, appellant contends that this evidence should have been disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), because it raised the possibility that someone other than appellant

SUPREME COURT
OF
NEVADA

(O) 1947A

15-34665

was the source of the drugs. But below, appellant only argued that the evidence was *Brady* material because it was useful for impeaching the informant regarding his drug addiction, which had been established. An appellant cannot change his theory underlining an assignment of error on appeal. *Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995). Moreover, as appellant himself points out, the theory he advances on appeal is inconsistent with his testimony at trial, and given that testimony, he cannot complain that the evidence was withheld, *see United States v. Diaz*, 922 F.2d 998, 1007 (2d Cir. 1990) (concluding that *Brady* was not violated where evidence at issue was within the defendant's knowledge), or that it was material, *see Mazzan v. Warden*, 116 Nev. 48, 66, 993 P.2d 25, 36 (2000).

Having considered appellant's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:    Hon. Scott N. Freeman, District Judge
       Law Office of David R. Houston
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk